**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MIDWEST MANAGEMENT** | **CIVIL ACTION NO. 16-1738** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **RAPHAEL FRANK, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a Motion for Default Judgment filed by Plaintiff, Midwest Management ("Midwest"). Record Document 18. Plaintiff seeks a default judgment against Defendants Raphael Frank and Mary Labbe Frank. For the reasons given below, Plaintiff's Motion For Default Judgment is **GRANTED IN PART** and **DENIED IN PART**.

### I. Factual & Procedural Background

On November 14, 2016, Plaintiff filed a Petition to Quiet Tax Title in the 27th Judicial District Court in St. Landry Parish, Louisiana. It alleges that, by virtue of a St. Landry Parish Tax Sale Certificate, Midwest owns a 100% interest in a property located in St. Landry Parish ("the Property"), bearing parcel number 0100026900 and described as follows:

> 3 LOTS 12 13 14 (48X98 EA), BLK F BERTRAND ARTIGUE SUB DIV 967524 (K-42-419) 1010707, being more fully described as:
>
> Three certain lots or parcel of ground, together with all building and improvements thereon, designated as LOTS 12, 13, AND 14 OF BLOCK F OF BERTRAND-ARTIGUE SUBDIVISION to the City of Opelousas, Louisiana as per Plat dated September 10, 1951 made by F. S. Roberts, C. E. which Plat is recorded in Plat Book 3, page 110 of the records of the Clerk of Court, St. Landry Parish, Louisiana. Being the same property acquired in part by

Judgment of Possession in the Succession of Lindsay Albert dated April 24, 2003, recorded as Act No. 904625 in Conveyance Book Q-39, Page 615, and in part by donation from Evelina Myles Albert dated November 11, 2000, recorded as Act No. 862941 in Donation Book 67, page 887, and having been acquired by Cynthia Harris et al by Act of Donation from Helen Albert Ventress dated June 24, 2004, recorded as Act No. 927181 in Conveyance Book M-40, page 215.

Record Document 1-2, p. 3-4. Plaintiff alleges that it acquired tax title to the Property at a St. Landry Parish tax sale conducted by the Sheriff and Ex-Officio Tax Collector, and that the certificate of sale was recorded in the conveyance records on June 4, 2013. Id. at 4; see also id. at 12-13.

Plaintiff explains that Defendants Raphael Frank and Mary Labbe Frank ("the Franks") were identified as the owners of the Property pursuant to a cash sale recorded in the St. Landry Parish conveyance records on August 10, 2006.[1] Plaintiff claims that prior to the tax sale, the Franks were notified of the tax delinquency and impending sale by the St. Landry Parish Sheriff's Office. Id. at 4, 28. It attaches a return receipt signed by Mary Frank for an article sent to 476 Howard Road in Opelousas, Louisiana. The receipt is dated April 6, and Plaintiff identifies the year as 2013. Id.

Additionally, Midwest sent letters to the Franks dated October 29, 2015, and January 12, 2016. Id. at 29, 33. Among other information, these letters explained that property taxes were not paid on the Property for the 2012 year and, as a result, tax sale title to the Property was sold to Midwest. They explained that the Property could be redeemed within

---

[1] Plaintiff's petition states that the cash sale was recorded on August 10, 2000, but this Court reads the stamp to say August 10, 2006. Record Document 1-2, p. 15. The Court also notes that the cash sale itself is dated August 8, 2006. Id. at 17.

three years from June 4, 2013, and provided the information for the St. Landry Parish Tax Collector's Office. See id. These letters were sent to Raphael Frank by regular and certified mail to three different addresses in Opelousas, Louisiana: 476 Howard Road, 432 Howard Road, and a Post Office Box. Id. at 4-5. The letters were also sent to Mary Labbe Frank via regular and certified mail to the two Howard Road addresses in Opelousas. Id. at 5-6.

The United States of America was identified as a party with an interest in the Property pursuant to a Notice of Federal Tax Lien against Raphael Frank filed in the mortgage records of St. Landry Parish on July 12, 2010. See id. at 41. The United States acknowledges receipt of notice of the right to redeem the tax sale.[2] Record Document 6, p. 2.

Plaintiff filed this petition on November 14, 2016, seeking a judgment recognizing that it is the owner of a 100% interest in the Property and that the Franks, the Parish of St. Landry ("the Parish"),[3] "their successors, heirs, and/or assigns have no right, title or claim" to the Property. The United States removed the suit on December 19, 2016.

On May 12, 2017, Plaintiff filed a Motion for Entry of Default [Record Document 14], and on May 16, 2017, the Clerk filed an Entry of Default against the Franks and the Parish

---

[2]Plaintiff does not seek a judgment against the United States because, according to Plaintiff, the parties have discussed entering into a stipulated judgment. Record Document 18-1, p. 2.

[3]Plaintiff originally claimed that the Parish was identified as a party with an interest in the Property pursuant to an Appearance Bond against Mary Frank recorded in the mortgage records on February 4, 2014. See Record Document 1-2, p. 44. As detailed below, Plaintiff has since stipulated to the dismissal of the Parish.

[Record Documents 15-17]. On June 15, 2017, Plaintiff then filed this Motion for Default Judgment [Record Document 18]. The Court held a telephone conference on November 30, 2017, to address various issues with the pending motion. Issues included the language contained in the proposed judgment, whether the Parish was properly served, and whether the Parish was a proper party to this suit. See Record Document 23. Since that conference, Plaintiff and the United States have stipulated to the dismissal of the Parish, see Record Document 24, and Plaintiff has submitted an updated proposed default judgment [Record Document 25]. Plaintiff now only seeks default judgment against the Franks. At no time have the Franks participated in this action.

## II. Standard

A default judgment involves three steps: (1) default, (2) entry of default, and (3) default judgment. N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R. Civ. P. 55(a)). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." Id. (citations omitted).

By defaulting, a defendant admits to the plaintiff's well-pleaded allegations of fact, at least with respect to liability. Jackson v. FIE Corp., 302 F.3d 515, 524 (5th Cir. 2002) (citing Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Even though the facts are admitted, the plaintiff still has the burden of showing that they give rise to a viable cause of action. See Nishimatsu Constr., 515 F.2d at 1206.

## III. Discussion

Plaintiff claims that because six months have passed since the date of service of the petition and citation, and no proceedings to annul the tax sale have been instituted, it is entitled to full ownership of the property. Record Document 18-1, p. 2 (citing La. R.S. 47:2266). Louisiana Revised Statute § 47:2266 contains the procedure to quiet tax titles. It provides,

> After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation. This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.

La. R.S. § 47:2266(A)(1). Article 7, Section 25 of the Louisiana Constitution provides that the redemptive period is three years from the date of recordation of the tax sale.

Plaintiff has provided a copy of the tax sale certificate, which serves as prima facie evidence that a valid tax sale was made. Record Document 1-2, p. 12-13; see La. Const. art. VII, § 25(A)(1); La. R.S. § 47:2155(C). The tax sale was recorded on June 4, 2013, and Plaintiff filed this suit on November 14, 2016, which was after the expiration of the redemptive period. Plaintiff's petition contains the appropriate information as required by Louisiana Revised Statute § 47:2266(A)(1). More than six months have passed since the

service of the petition and citation, and the Franks have not brought a proceeding to annul the tax sale. See Record Document 7-2, pp. 5-6. Accordingly, Plaintiff's motion for default judgment against the Franks is **GRANTED**. See Mooring Fin. Plan 401(K) Profit Sharing Plan v. Ninth Ward Hous. Corp., 2009-0327 (La. App. 4 Cir. 9/16/09), 18 So. 3d 797, 798.

### IV. Conclusion

For the reasons assigned above:

Plaintiff's Motion for Default Judgment [Record Document 18] is hereby **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to Raphael Frank and Mary Labbe Frank. It is **DENIED** as to the Parish of St. Landry, as it is no longer a party to this suit.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this ___ day of December, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE